UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL ACTION

FLOYD IRVIN DUNBAR                            NUMBER 04-155-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 24, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS								CRIMINAL ACTION

FLOYD IRVIN DUNBAR					NUMBER 04-155-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

This matter is before the court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Floyd Irvin Dunbar. Record document number 88. The motion is opposed.[1]

For the reasons which follow, the petitioner's motion should be dismissed as untimely and because his claims are barred by his Plea Agreement.

**I. Procedural History**

Petitioner entered a guilty plea to three counts distribution of cocaine base in violation of 21 U.S.C. § 841 (Counts III, IV and V) pursuant to a Plea Agreement. Petitioner was sentenced to serve a 168 month term of imprisonment in the custody of the United States Bureau of Prisons, and upon release from imprisonment, to serve a five year term of supervised release. Judgment was entered on June 1, 2005.

---

[1] Record document number 96.

1

Petitioner did not appeal his convictions or the sentence.

Petitioner signed his § 2255 motion on March 26, 2014 and it was filed on March 28, 2014. Petitioner raised the following grounds for relief: (1) the court was without jurisdiction to enhance his sentence under the career offender provisions of the United States Sentencing Guidelines ("USSG") § 4B1.1; and, (2) he was denied effective assistance of counsel at sentencing when counsel failed to present an independent evaluation of the petitioner's prior conviction during the penalty phase and failed to move for clarification of the petitioner's state court judgment.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely and his claims are barred by the Plea Agreement.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence. The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(f). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and

2

the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

Petitioner's conviction became final on June 15, 2005.[2] From the date the petitioner's conviction became final until March 26, 2014, the date petitioner signed his § 2255 application, more than one year of the limitations period elapsed. Petitioner's § 2255 motion was not timely filed.

**B. Actual Innocence Gateway to Excuse Time Bar**

Petitioner conceded that his § 2255 motion is untimely. He argued that the court should ignore the untimeliness of his habeas petition because he is actually innocent "of having 'two distinct convictions' for the career offender enhancement."[3] Petitioner did not assert that he is actually innocent of the offense to which he pled guilty, i.e., distribution of cocaine base.

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that a first-time habeas petitioner[4] can

---

[2] In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed or the filing of the government's notice of appeal. Rule 4(b)(1)(A)(I), Fed.R.App.P.

[3] Record document number 88-1, p. 2; record document number 88, p. 4 (Motion p. 5), Ground One.

[4] *McQuiggin* applies only to a first federal habeas corpus petition. *In re Warren*, 537 Fed. Appx. 457 (5th Cir. 2013).

3

overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)).[5] *McQuiggin* did not hold that a petitioner can

---

[5] When *McQuiggin* applies, the petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). Unjustifiable delay on the part of a habeas petitioner, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

To open the gateway to federal habeas review a first-time habeas petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *Id*. at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005).

"Actual innocence" itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens,* 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006)
(continued...)

overcome the AEDPA time limit by showing that he is actually innocent of the sentencing enhancement.[6]

Petitioner did not assert, and cited no new evidence which could support finding, that he is actually innocent of the substantive offense at issue, i.e. distribution of cocaine base. Needless to say, the petition is far from sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Therefore, the petitioner has not overcome the expiration of the AEDPA statute of limitations.

### C. Tolling

Petitioner argued that he is entitled to equitable tolling[7] and also asserted what amounts to a statutory tolling argument.

---

[5](...continued)
([A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250 (2001); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 40, 113 S.Ct. 853, 862 (1993)(citing *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963)). The Supreme Court reaffirmed in *McQuiggin*, 133 S.Ct. at 1931, that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. *Burton v. Stephens*, 543 Fed.Appx. 458 (5th Cir. 2013).

[6] See *Mendez v. USA*, 2014 WL 2778466 (M.D.Fla. 2014)(rejecting AEDPA tolling based on claim that enhanced sentence constituted fundamental miscarriage of justice).

[7] Record document number 88, p. 12; record document number 88-1, p. 2.

There is no basis in the record for equitable tolling. AEDPA's statutory limitations are "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*, 560 U.S., at 649, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)); *see United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable tolling of § 2255 petition). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (citation and internal quotation marks omitted). "Equitable tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling under § 2255(f) is not extended to instances of "excusable neglect." *United States v. Kirkham*, 367 Fed.Appx. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990)).

Equitable tolling is not permissible here because the petitioner did not "pursu[e] his rights diligently." *Holland*, 560 U.S. at 649, 130 S.Ct. at 2562. Petitioner pled guilty pursuant to

6

a Plea Agreement[8] and was sentenced in 2005,[9] and he asserted that he objected to the career offender enhancement at the time he was sentenced.[10] Yet he did not file this § 2255 motion until almost nine year later. Petitioner has not shown that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing his § 2255 motion. There are no rare and exceptional circumstances to justify equitable tolling.

Petitioner also asserted what amounts to a statutory tolling argument under 28 U.S.C. § 2255(f)(4). A § 2255 movant has one year to seek post-conviction relief. 28 U.S.C. § 2255(f). This one-year period runs from the latest of four possible dates, the last of which being "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). For this provision to apply, "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (analyzing 28 U.S.C. § 2244(d)(1)(D)). The Supreme Court has explained that, "diligence can be shown by prompt action on the part of the petitioner as soon he is in a position to realize" that he should act. *Johnson v.*

---

[8] Record document numbers 39 and 40, respectively.

[9] Record document number 52.

[10] Record document number 88-1, p. 5.

7

*United States*, 544 U.S. 295, 308, 125 S.Ct. 1571, 1580 (2005). In applying § 2255(f)(4), "[t]he important thing is to identify a particular time when ... diligence is in order." *Id*.

Based on an Amended Order issued by a state court judge on October 18, 2013,[11] the petitioner argued that he had only one prior state court conviction, not two. This order was issued as a result of a Motion to Reconsider Sentence, presumably filed by the petitioner. However, the petitioner failed to state when he filed the motion, or otherwise provide information from which this court can determine when the motion was filed. Therefore, the fact that the state court formally clarified the status of the petitioner's state convictions in 2013 does not mean that is the date on which the facts supporting the petitioner's sentencing error claim could have been discovered through the exercise of due diligence.

Accepting the petitioner's assertion that his sentence was improperly enhanced because the district judge incorrectly found that the petitioner had two prior felony convictions rather than only one, the petitioner has not shown that he promptly returned to the state court to obtain clarification of the state court convictions. *Johnson*, 544 U.S. at 305-308, 125 S.Ct. at 1579-1582 (state court vacatur is matter of fact for purposes of limitation statute, but only when petitioner shows due diligence in seeking state court order; date of entry of federal court judgment

---

[11] Record document number 88-2, pp. 5-6.

activates obligation to act diligently to obtain state court order).

### D. Plea Agreement

Petitioner entered into a Plea Agreement in which he expressly waived his right to appeal or collaterally attack his sentence except for "legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel."[12] The United States correctly argued that the petitioner's Plea Agreement bars his sentencing error claim because the ineffective assistance of counsel, assuming there was any, did not affect the validity of the petitioner's guilty plea or the waiver of his right to appeal and collaterally attack the sentence. Petitioner neither argued nor showed that either his guilty plea or the waiver of his rights to appeal and collaterally attack the sentence was not knowing and voluntary.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, as supplemented, be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255.

It is further recommended that a certificate of appealability

---

[12] Record document number 50, p. 3, ¶ 8. Petitioner reserved the right to appeal the sentence in three circumstances, none of which apply here.

be denied for the reasons set forth herein.

Baton Rouge, Louisiana, June 24, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE